DECISION AND JUDGMENT ENTRY
{¶ 1} Brandon Conner appeals several no contest pleas on felony matters from the Lucas County Court of Common Pleas. Because we conclude that appellant's case presents no issues meriting review, this appeal is determined to be without merit. We, therefore, affirm his no contest pleas and grant his appellate counsel's motion to withdraw.
 {¶ 2} Conner was indicted on two counts of aggravated robbery, violations of R.C. 2911.01(A)(1) with gun specifications under R.C. 2941.145 and two counts of robbery, violations of R.C.2911.02(A)(2). At a hearing held on December 5, 2002, he entered no contest pleas to two counts of aggravated robbery, two counts of robbery and a gun specification; the remaining gun specification was dropped. The trial court explained to Conner all of his rights and Conner stated he understood them.
 {¶ 3} Before the trial court accepted the no contest pleas, the prosecuting attorney related what it would have proven at trial beyond a reasonable doubt. In the first event, on February 15, 2002, Conner entered a Charter One Bank in Toledo, Ohio with a chrome-colored revolver and ordered the people in the bank to lie on the floor at gun point. He then jumped over the counter and pointed a gun at the teller, demanding she empty her drawer. The teller put money in Conner's duffel bag, and he fled. In the second event, on March 15, 2002, Conner stuck a silver handgun in the back of a Royal Pizza driver, fleeing with $251.
 {¶ 4} After Conner reviewed and signed the proper forms, the trial court found him guilty. At the sentencing hearing on January 6, 2003, the trial court adopted the parties' agreement that Conner would serve a minimum prison sentence for the first aggravated robbery conviction (three years) with the allied gun specification (three years) to be served consecutively in addition to three years for aggravated robbery and two years for each robbery conviction concurrent to the aggravated robbery. It was also noted at the sentencing hearing that the two robbery convictions would merge with the two aggravated robbery convictions. The trial court's judgment entry reflects this sentence.
 {¶ 5} Conner's appellate counsel filed a brief, according toAnders v. California (1967), 386 U.S. 738, stating that there were no arguable issues on appeal along with a motion to withdraw as counsel. In Anders, the United States Supreme Court established five criteria which must be met before a court may grant appellate counsel's motion to withdraw. Id. at 744. The five criteria are: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel; (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744. All five criteria have been met in this case. See also,State v. Artiaga, 6th Dist. No. L-02-1021, 2003-Ohio-2357, at ¶ 5.
 {¶ 6} Appellate counsel argues as the sole potential assignment of error that Conner did not receive effective assistance of counsel. The argument is without merit.
 {¶ 7} The appellant bears the burden of proving that his counsel was ineffective since an attorney is presumed competent.Strickland v. Washington (1984), 466 U.S. 668, 687-689; Statev. Lott (1990), 51 Ohio St.3d 160, 174. To meet this burden of proof, he must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty.Strickland, supra.; State v. Smith (1985), 17 Ohio St.3d 98,100. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of syllabus; State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 108.
 {¶ 8} In discussing the issue of attorney competence, the Ohio Supreme Court observed: "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citations omitted] * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' [Citations omitted]" State v. Frazier (1991),61 Ohio St.3d 247, 253.
 {¶ 9} This presumption means that a great amount of deference must be given to counsel's trial strategy. State v. Carter
(1995), 72 Ohio St.3d 545, 558. We are not to second-guess. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith (2000),89 Ohio St.3d 323, 328; State v. Clayton (1980), 62 Ohio St.2d 45,49.
 {¶ 10} In this case, Conner's counsel was far from ineffective. The February 15, 2002 bank robbery was recorded on the bank's security system. Trial counsel filed a motion to suppress; however, Conner received Miranda warnings, signed a waiver of those rights, and confessed in detail. Conner's counsel was able to convince the prosecution to lower its recommendation to a minimum prison sentence of three years on a first degree felony with three years on the gun specification. The trial court adopted the prosecution's recommended sentence, to which the defense did not object. Several times in the transcript, the prosecution, the defense, and the trial court stated that this sentence was agreeable to all parties. In such a case, there is no appeal: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C.2953.08(D). See also, State v. Lawson, 2nd Dist No. 19643, 2003-Ohio-3775, at ¶ 4; State v. Martin, 4th Dist. No. 01CA24, 2002-Ohio-6140, at ¶ 27.
 {¶ 11} This case presents no arguable issues meriting review. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Pietrykowski, J., Lanzinger, J. and Singer, J. Concur.